O

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00812-DOC (JCGx)                    Date:  January 23, 2014

Title: <u>SAM SABER V. JPMORGAN CHASE BANK, N.A., ET. AL.</u>

PRESENT:

<u>THE HONORABLE DAVID O. CARTER, JUDGE</u>

<u>    Julie Barrera    </u>                     <u>    Not Present    </u>
Courtroom Clerk                           Court Reporter

ATTORNEYS PRESENT FOR PLAINTIFF:     ATTORNEYS PRESENT FOR DEFENDANT:
None Present                                   None Present

**PROCEEDINGS (IN CHAMBERS):    ORDER GRANTING IN PART AND DENYING**
**IN PART DEFENDANT'S MOTION TO DISMISS**

Before the Court is Defendant JPMorgan Chase Bank, N.A.'s ("Defendant") Motion to Dismiss the Second Amended Complaint (Dkt. 26) of Plaintiff Sam Saber ("Plaintiff"). The Court finds this matter appropriate for decision without oral argument. Fed. R. Civ. P. 78; L.R. 7-15. The Court has considered the moving papers and supporting documents and hereby GRANTS Defendant's Motion to Dismiss as to Counts One and Two, but DENIES the Motion as to Count 3.

**I.      BACKGROUND**

The facts alleged by Plaintiff are as follows:

On or about March 28, 2005, Plaintiff purchased a single residential property which he has since occupied as his principal residence. SAC ¶ 8. On or about October 12, 2007, Plaintiff refinanced his home with Washington Mutual Bank, FA ("WaMu") in the amount of $2,693,500. SAC ¶ 9. On September 25, 2008, WaMu entered receivership with the FDIC as appointed receiver. SAC ¶ 27. On that same day, Defendant entered into a Purchase and Assumption Agreement with the FDIC whereby certain assets and liabilities were transferred to Defendant. *Id*.

On or about February 3, 2012, the Trustee executed a Notice of Default and Election to Sell on behalf of Defendant as purported successor to WaMu, and the Notice was subsequently recorded on

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00812-DOC (JCGx)                                    Date: January 23, 2014
                                                                     Page 2

February 6, 2012.  SAC ¶ 11. On January 15, 2013, Plaintiff submitted an application to Defendant for a loan modification and requested information regarding possible foreclosure prevention alternatives. SAC ¶¶ 13, 21.  Defendant previously denied a loan modification Plaintiff requested in 2009.  Req. for Judicial Notice ("RJN"), Ex. 8 ¶¶ 52, 54.  Defendant never approved or denied the January loan modification application.  SAC ¶ 14.  On or about February 1, 2013, Defendant recorded a Notice of Trustee's Sale which indicated that Defendant intended to conduct a trustee's sale of Plaintiff's home on March, 1, 2013.  SAC ¶ 12.

       On or about April 22, 2013, Plaintiff re-submitted the loan modification application package with updated financial information (balance sheet, income statement and bank statements from Chase Bank).  ¶ 15.  Defendant has not yet approved or denied the pending loan modification applications. SAC ¶ 16.

       Based on this conduct, Plaintiff brings three causes of actions against Defendant:  (1) violation of California Civil Code § 2923.6; (2) violation of California Civil Code § 2923.7; and (3) unfair business practices under California's Unfair Competition Law ("UCL").

## II.    LEGAL STANDARD

       Under Federal Rule of Civil Procedure 12(b)(6), a complaint must be dismissed when a plaintiff's allegations fail to set forth a set of facts which, if true, would entitle the complainant to relief.  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007); *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009) (holding that a claim must be facially plausible in order to survive a motion to dismiss).  The pleadings must raise the right to relief beyond the speculative level; a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do." *Twombly*, 550 U.S. at 555 (citing *Papasan v. Allain*, 478 U.S. 265, 286 (1986)).  On a motion to dismiss, this court accepts as true a plaintiff's well-pled factual allegations and construes all factual inferences in the light most favorable to the plaintiff.  *Manzarek v. St. Paul Fire & Marine Ins. Co.*, 519 F.3d 1025, 1031 (9th Cir. 2008).  The court is not required to accept as true legal conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.

       Federal Rule of Evidence 201 allows the court to take judicial notice of certain items without converting the motion to dismiss into one for summary judgment.  *Barron v. Reich*, 13 F.3d 1370, 1377 (9th Cir. 1994).  The court may take judicial notice of facts "not subject to reasonable dispute" because they are either: "(1) generally known within the territorial jurisdiction of the trial court or (2) capable of accurate and ready determination by resort to sources whose accuracy cannot reasonably be questioned."  Fed. R. Evid. 201; *see also Lee v. City of Los Angeles*, 250 F.3d 668, 689 (9th Cir. 2001) (noting that the court may take judicial notice of undisputed "matters of public record"), *overruled on other grounds by* 307 F.3d 1119, 1125-26 (9th Cir. 2002).  The court may disregard allegations in a

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00812-DOC (JCGx)                     Date: January 23, 2014
                                                      Page 3

complaint that are contradicted by matters properly subject to judicial notice. *Daniels-Hall v. Nat'l Educ. Ass'n*, 629 F.3d 992, 998 (9th Cir. 2010).

Dismissal without leave to amend is appropriate only when the court is satisfied that the deficiencies in the complaint could not possibly be cured by amendment. *Jackson v. Carey*, 353 F.3d 750, 758 (9th Cir. 2003); *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000) (holding that dismissal with leave to amend should be granted even if no request to amend was made). Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." This policy is applied with "extreme liberality." *Morongo Band of Mission Indians v. Rose*, 893 F.2d 1074, 1079 (9th Cir. 1990).

## III.   DISCUSSION

### A.   VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.6

Plaintiff argues that California Civil Code section 2923.6(c) [1] prohibits a trustee's sale of his property while his loan modification application is pending. SAC ¶ 17. Section 2923.6(c) states that if a borrower submits a complete application for a first lien loan modification through the borrower's mortgage servicer, the mortgage servicer is prohibited from recording a notice of default or notice of sale while the loan modification application is pending. *See* Cal. Civ. Code § 2923.6(c).

Defendant argues that the statute does not apply because Plaintiff previously applied for a loan modification in 2009. Mot. at 7; RJN Ex. 8 ¶ 54. The Court agrees. Section 2923.6(g) exempts loan servicers from evaluating a modification application if the borrower has been evaluated for a loan modification prior to January 1, 2013. *See* Cal. Civ. Code § 2923.6(g). There is, however, an exception when the borrower's financial circumstances have materially changed since the date of the borrower's previous application. *Id.* The change must be documented by the borrower and submitted to the mortgage servicer. *Id*.

This Court previously dismissed this cause of action because Plaintiff failed to allege he submitted proper documentation. *See* Order, October 8, 2013 (Dkt. 24), at 4. In that order, this Court held that "[a]lthough the precise nature of the documentation required under this code section is not clear, the plaintiff must do more than submit a new loan modification with different financial information." *Id.*

Plaintiff argues both that his financial circumstances have materially changed since Defendant evaluated his previous loan modification and that he documented and submitted those changes with the application. SAC ¶ 15. Although the Plaintiff sufficiently alleges that he submitted documentation for

---

[1] All statutory references in this Order are to the California Civil Code unless otherwise noted.

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00812-DOC (JCGx)                                   Date: January 23, 2014
                                                                    Page 4

the April 2013 application, there is no such allegation for the January application.  SAC ¶¶ 13, 15.
Plaintiff does not claim any violation with respect to his April application.  Opp'n (Dkt. 27) at 4.  In
fact, Plaintiff concedes he failed to plead he submitted appropriate documentation with his January
application.  *Id.*

        Even though this Court previously dismissed this cause of action for failure to plead that
Plaintiff submitted the required documentation, the SAC fails to address this deficiency.  In fact, as far
as the Court can tell, the SAC appears unchanged.  Order at 4.  Plaintiff requests leave to amend to
address this deficiency again.  Opp'n at 4.  Although leave to amend is given liberally, the court may
deny leave for the "repeated failure to cure deficiencies by amendments previously" granted.
*Leadsinger, Inc. v. BMG Music Pub.*, 512 F.3d 522, 532 (9th Cir. 2008) (citing *Foman v. Davis*, 371
U.S. 178, 182 (1962)).  Plaintiff has already filed two amended complaints in this Court.  Furthermore,
the record shows that Plaintiff filed multiple complaints in Orange County Superior Court prior to
removal.  RJN, Ex. 8, 10.  Accordingly, Plaintiff's section 2923.6 claims are DISMISSED WITH
PREJUDICE.

## B.      VIOLATION OF CALIFORNIA CIVIL CODE SECTION 2923.7

        Plaintiff claims that Defendant failed to provide him with information regarding foreclosure
prevention alternatives and failed to provide him with a single point of contact in violation of § 2923.7.
SAC ¶¶ 20-21.  When a borrower requests a foreclosure prevention alternative, § 2923.7 states that a
mortgage servicer will promptly establish a single point of contact and provide the borrower with one
or more direct means of communication with the single point of contact.  *See* Cal. Civ. Code §
2923.7(a).  Section 2923.7 defines "single point of contact" as an individual or team of personnel, each
of whom has the ability and authority to perform the responsibilities stated § 2923.7(b).  *See* Cal. Civ.
Code § 2923.7(e).  Those responsibilities are: to communicate the process for available foreclosure
prevention alternatives; to coordinate receipt of all documents necessary to apply for the alternatives; to
have access to current information and inform the borrower of the current status; and to ensure that the
borrower is considered for foreclosure prevention alternatives offered by the mortgage servicer.  *See*
Cal Civ. Code §§ 2923.7(b)(1)-(4).

        This Court previously dismissed this cause of action because the complaint provided only a
formulaic recitation of the elements.  Order at 5.  This Court is not required to accept as true legal
conclusions couched as factual allegations.  *Iqbal*, 556 U.S. at 678.  The SAC repeats the same mistake.
Plaintiff alleges that he wrote to Defendant on January 15, 2013 and February 3, 2013 for information
regarding foreclosure alternatives.  SAC ¶ 21.  Plaintiff's SAC states only that Defendant failed to
provide him with a single point of contact, and lists a series of statutory responsibilities.  *Id.*  Plaintiff
again does not allege any additional facts to support the conclusion Defendant violated § 2923.7.  *Id.*

**UNITED STATES DISTRICT COURT**
**CENTRAL DISTRICT OF CALIFORNIA**

**CIVIL MINUTES – GENERAL**

Case No. SACV 13-00812-DOC (JCGx)                                  Date: January 23, 2014
                                                                   Page 5

Listing the obligations for which the single point of contact is responsible does not allege any new facts to support the conclusion espoused by Plaintiff.

This Court dismissed Plaintiff's § 2923.7 claims previously for failing to plead facts sufficient to show Defendant violated this section. Order at 5. Other than reciting other portions of § 2923.7, the complaint is unchanged. Like the previous cause of action, Plaintiff failed to sufficiently plead this claim after multiple attempts. Therefore, Plaintiff's section 2923.7 claim is DISMISSED WITH PREJUDICE.

## C.   UNFAIR BUSINESS PRACTICES

Plaintiff alleges that Defendant engaged in unfair and deceptive business practices in violation of California's Unfair Competition Law ("UCL"), codified at California Business & Professions Code Sections 17200-209. SAC ¶ 34. Plaintiff's UCL claims are partly based on Defendant's violations of §§ 2923.6 and 2923.7. SAC ¶ 24. Because those causes of actions were dismissed, they cannot be the basis for UCL violations. Plaintiff also claims that Defendant violated the UCL by falsely representing itself to Plaintiff as the owner of loans originated by WaMu. SAC ¶ 28. Plaintiff claims this harmed him because it made it impossible for him to communicate with the actual owner of the loan about foreclosure alternatives. *Id*.

Although the Court finds both of Plaintiff's alleged bases for standing specious, some California district courts have held that the initiation of foreclosure proceedings sufficiently jeopardizes a plaintiff's property interest to satisfy the standing requirement. *See Sullivan v. Washington Mut. Bank, FA*, No. 09-2161, 2009 WL 3458300 (N.D. Cal. Oct. 23, 2009); *Rabb v. BNC Mortg., Inc.*, No. 09–4740, 2009 WL 3045812 (C.D. Cal. Sept. 21, 2009);. The Court therefore declines to dismiss the case for a lack of standing.

The Court struggles, however, to divine a causal connection between Plaintiff's allegations and the harm he claims to have suffered. The allegations are broad and general, claiming that Chase misled the public and Plaintiff about who owned Plaintiff's loan. It is unclear to the Court how knowing the actual owner would have prevented Plaintiff's harm; there are no facts alleging that access to additional information might change Plaintiff's situation. For the purposes of a motion to dismiss, Plaintiff has alleged sufficient facts to go forward with his UCL claim. The Court is gravely concerned, however, that Plaintiff will be unable to prove that the alleged actions, even if true, actually caused him harm.

## IV.   LEAVE TO AMEND

As previously stated, Rule 15(a)(2) of the Federal Rules of Civil Procedure states that leave to amend should be freely given "when justice so requires." Fed. R. Civ. P. 5(a)(2). However, the

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA

CIVIL MINUTES – GENERAL

Case No. SACV 13-00812-DOC (JCGx)                    Date: January 23, 2014
                                                      Page 6

decision remains within the discretion of the court, which "may deny leave to amend 'due to undue
delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by
amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the
amendment, [and] futility of amendment.'" *Leadsinger*, 512 F.3d at 532 (quoting *Foman*, 371 U.S. at
182). The court's "discretion to deny leave to amend is particularly broad where plaintiff has
previously amended the complaint." *Metzler Inv. GMBH v. Corinthian Colls. Inc.*, 540 F.3d 1049,
1072 (9th Cir. 2008) (citing *In re Read-Rite Corp.*, 335 F.3d 843, 845 (9th Cir. 2003)).

        The Court has already dismissed these claims for the same reasons listed above, and granted
Plaintiff leave to amend. Order at 6. The Court now dismisses the First and Second causes of action
on the same grounds. Before removal, Plaintiff filed multiple versions of this complaint in Superior
Court. RJN, Ex. 8, 10. Plaintiff has not managed to allege sufficient facts despite multiple attempts in
state and federal court. Accordingly, this Court DENIES Plaintiff's request for leave to amend the
complaint.

## V.     DISPOSITION

        For the foregoing reasons, the Court GRANTS Defendant's Motion to Dismiss as to counts one
and two, which are DISMISSED WITH PREJUDICE and thus STRICKEN from the SAC.

        Plaintiff is directed to file an amended complaint conforming with this order on or before
**January 31, 2014**.

        The Clerk shall serve this minute order on the parties.

MINUTES FORM 11
CIVIL-GEN                                            Initials of Deputy Clerk: jcb